UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:07-cr-0060-LJM-MJD-2 |
| | ) | |
| TERRY BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

Larry J. McKinney, directing the duty magistrate judge to conduct a hearing on the Petition for

Warrant or Summons for Offender Under Supervision ("Petition") filed on January 30, 2014, and

to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§

3401(i) and 3583(e). Proceedings were held on February 19, 2014, February 27, 2014, and May

28, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

On February 19, 2014, defendant Terry Brown appeared in person with his appointed

counsel, Joe Cleary. The government appeared by Melanie Conour, Assistant United States

Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson,

who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Brown of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Brown questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Brown and his counsel, who informed the court they had reviewed the Petition and that Mr. Brown understood the violations alleged. Mr. Brown waived further reading of the Petition.

The parties orally moved to continue the preliminary and detention hearing and the same was granted and continued until February 27, 2014.

On February 27, 2014, defendant Terry Brown appeared in person with his retained counsel, Sam Ansell. The government appeared by Melanie Conour, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Mr. Brown of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Brown was advised of the rights he would have at a preliminary hearing. Mr. Brown stated that he wished to waive his right to a preliminary hearing.

2.      Mr. Brown stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Brown executed a written waiver of the preliminary hearing, which the court accepted.

3.     The court advised Mr. Brown of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

Parties orally moved to continue the revocation hearing and the same was granted and continued until May 28, 2014.

On May 28, 2014, defendant Terry Brown appeared in person with his retained counsel, Sam Ansell.  The government appeared by Thomas Lupke, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court again advised Mr. Brown of his right to remain silent and his right to counsel.

2.     Mr. Brown, by counsel, stipulated that he committed Violation Numbers 1, 2 and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 3 | **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."** |

On December 27, 2013, the offender was arrested by the Indianapolis Metropolitan Police Department for criminal recklessness, possession of a firearm without a permit, driving while license suspended, and possession of heroin. According to the police report, the offender, his two children, and the mother of the children were leaving an event at Banker's Life Fieldhouse in downtown Indianapolis. The offender was attempting to back out of a parking spot in the parking garage adjacent to Banker's Life Fieldhouse. At some point while backing out of the parking spot, the offender jumped out of the vehicle and pointed a Glock .40 caliber handgun at another individual in the car behind him. The offender continued to yell at the person behind him, while illuminating the red laser sight on the handgun at the other person.

Indianapolis Metropolitan Police officers soon arrived at the scene and found the offender seated in the front seat of the vehicle. The offender was placed under arrest and a search was conducted of the vehicle. In the middle console of the vehicle, officers located a Glock .40 caliber handgun, $4,680 in cash, digital scales, and a bag of heroin.

The offender posted bond, and the case is pending in Marion County, Indiana, under a presently unknown cause number.

3.     The Court placed Mr. Brown under oath and directly inquired of Mr. Brown whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Brown admitted violations 1, 2, and 3 (only as to possession of a firearm and possession of heroin) as set forth above.

4.     The Government orally moved to dismiss violations 4, 5 and 6 and the same was granted.

5.     The parties and the USPO further stipulated that:

(a)     The highest grade of Violation (Violations 1 & 2) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Brown's criminal history category is 1.

(c)     The range of imprisonment applicable upon revocation of Mr. Brown's supervised release, therefore, is 24-30 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

6.     The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows:  (a) the defendant's supervised release is to be revoked; and (b) the defendant is sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with no supervised release to follow.  The defendant is remanded to the custody of the United States Marshal pending the District Court's action on this Report and Recommendation.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, TERRY BROWN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with no supervised release to follow.  Sentence is to be served consecutively to any State sentence Mr. Brown may receive.  The defendant is remanded to the custody of the United States Marshal pending the District Court's action on this Report and Recommendation.

The parties understand that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure.  Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.  If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Walton stipulated in open court to waiver of the following:

1.  Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to 28 U.S.C. ' 636(b)(1)(B) and (C) and Federal Rule of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Brown entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the Magistrate Judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Brown's supervised release, imposing a sentence of imprisonment of twenty-four (24) months, with no supervised release to follow. Sentence is to be served consecutively to any State sentence Mr. Brown may receive. The defendant is remanded to the custody of the United States Marshal pending the District Court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: _06/03/2014_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal